UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL NIEVES,

                Plaintiff,

-against-

THE CITY OF NEW YORK,

                Defendant.

20-CV-2138 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se* and proceeding *in forma pauperis* (IFP), brought this civil action alleging that he was falsely arrested, falsely imprisoned, and maliciously prosecuted. He alleged that he was arrested on January 21, 2014, and on August 11, 2015, the charges were dismissed. Plaintiff attached to his complaint copies of a summons dated August 8, 2016, and a complaint, filed in New York State Supreme Court, Bronx County, by Plaintiff's attorney, Andrew F. Plasse of Andrew F. Plasse & Associates, LLP. The state-court action asserts the same facts asserted here — that Plaintiff was arrested on January 21, 2014, and the criminal charges were subsequently dismissed on August 11, 2015. A review of the records of the New York State Unified Court System revealed that the state-court matter was scheduled for trial on November 2, 2020. *See Nieves v. City of New York*, Index No. 25346/2016 (Sup. Ct. Bx. Cnty).[1]

    Because Plaintiff is already litigating his false arrest, false imprisonment, and malicious prosecution claims in state court, by order dated August 26, 2020, the Court ordered Plaintiff to show cause, within 30 days, why the Court should not abstain from exercising jurisdiction over

---

[1] A review of the records of the New York State Unified Court system, accessed on May 24, 2021, reveal that the state-court matter is scheduled for trial on January 30, 2022. *See* https://iapps.courts.state.ny.us/webcivil/FCASSearch.

this action, under the Supreme Court's decision in *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976), in which the Court held that a federal court may abstain from exercising jurisdiction in the interest of wise judicial administration and conservation of resources when the matter is being litigated in state court. (ECF No. 9.) The Court also ordered Plaintiff to show cause why this action should not be dismissed as time barred and dismissed Plaintiff's claims against Andrew F. Plasse because he is a private party who does not work for any state or other government body. (*Id.*) The order cautioned Plaintiff that if he did not respond to the order within 30 days, the Court would abstain from exercising jurisdiction under the *Colorado River* doctrine.

Because Plaintiff did not respond to the Court's August 26, 2020 order, by order dated October 15, 2020, the Court abstained from exercising jurisdiction over this action. The Court also noted that if Plaintiff's claims were not barred by the *Colorado River* doctrine, the Court would likely dismiss Plaintiff's claims as time barred.

On October 27, 2020, Plaintiff filed a declaration. (ECF No. 12.) On November 13, 2020, Plaintiff filed a notice of appeal. (ECF No. 13.) On December 15, 2020, Plaintiff filed a letter requesting that the Court "remail the Order to Show Cause, date November 17, 2020, as I have not receive it yet and also please allow for a time-extension on it, due to the delays of receiving it, by the mail officials." (ECF No. 14.)

By order issued on May 24, 2021, the United States Court of Appeals for the Second Circuit deferred its decision on Plaintiff's request to proceed IFP on appeal and held Plaintiff's appeal in abeyance. *Nieves v. City of New York*, No. 20-3875 (2d Cir. May 24, 2021) (ECF No. 16.) The Second Circuit further ordered that this Court construe Plaintiff's declaration (ECF No. 12) as "a timely motion under Federal Rule of Civil Procedure 59(e)," which is a motion to alter

or amend judgment. Plaintiff's notice of appeal would therefore not become effective until this Court decides the motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv), 4(a)(4)(B).

(*Id.*)

In accordance with the Second Circuit's order, the Court construes Plaintiff's declaration (ECF No. 12) as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted).

After reviewing Plaintiff's declaration, the Court denies the motion.

## DISCUSSION

Under the standards governing Federal Rule of Civil Procedure 59(e), *see R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009), a movant must demonstrate that the court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of

a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)).

In his declaration, Plaintiff writes out the language of Section 1983; he also attaches copies of pages from *A Jailhouse Lawyer's Manual* that discuss the essential requirements for obtaining relief under 42 U.S.C. § 1983. Plaintiff does not, however, specifically address the Court's August 26, 2020 order. Plaintiff does not show cause why the Court should not abstain, pursuant to the *Colorado River* doctrine, from exercising jurisdiction over this action. Plaintiff also fails to show cause why his action should not be dismissed as time barred.

Plaintiff has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Plaintiff's motion under Rule 59(e), Fed. R. Civ. P., is therefore denied.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF No. 12) is denied.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), remains dismissed because the Court abstains from exercising jurisdiction over this action under the *Colorado River* doctrine.

SO ORDERED.

Dated: May 27, 2021
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.